UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04-CV-12349-RCL

|  |  |
|---|---|
| KATHLEEN A. FLYNN<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>JOHN ROSSI, and<br>WILLIAM DEVLIN | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND JURY DEMAND OF DEFENDANTS MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, JOHN ROSSI, AND WILLIAM DEVLIN**

### First Defense

Defendants Massachusetts Bay Transportation Authority ("MBTA"), John Rossi ("Mr. Rossi"), and William Devlin ("Mr. Devlin") answer the complaint of Kathleen A. Flynn ("Ms. Flynn") as follows:

### Jurisdiction

(1) This averment constitutes a legal conclusion to which no response is required.

### Venue

(2) Admitted that the MBTA is based in Massachusetts. Admitted that Mr. Rossi and Mr. Devlin reside in

1

Massachusetts. The remainder of this averment constitutes a legal conclusion to which no response is required.

### Parties

(3) The defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

(4) Admitted that the MBTA has its principal place of business at 10 Park Plaza, Boston, Massachusetts. The remainder of this averment constitutes a legal conclusion to which no response is required.

(5) Admitted that Mr. Rossi resides in Massachusetts. Admitted that Mr. Rossi has a place of business at 10 Park Plaza, Boston, Massachusetts.

(6) Admitted that Mr. Devlin resides in Massachusetts. Admitted that Mr. Devlin has as a place of business at 10 Park Plaza, Boston, Massachusetts.

### General Allegations

(7) Admitted that Ms. Flynn was hired by the MBTA in August 1988. The remainder of this averment is denied.

(8) Denied.

(9) This averment is insufficiently precise to permit a response.

(10) This averment is insufficiently precise to permit a response.

(11) Because of its lack of any time reference whatsoever, this averment is insufficiently precise to permit a response.

(12) The defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

(13) Denied.

(14) Admitted.

(15) Denied.

(16) Admitted that Ms. Flynn once requested of Mr. Rossi that she be trained as a spare supervisor. The remainder of this averment is denied.

(17) Denied.

(18) Denied.

(19) Admitted that Ms. Flynn applied for the spare list in or about February 2001.

(20) Denied.

(21) Denied.

(22) Denied.

(23) Admitted that Ms. Flynn was out of work for a second alleged work-related injury beginning January 6, 2002. Denied that the absence ended on February 28, 2002.

(24) Admitted that while Ms. Flynn was out of work on leave, Mr. Nee was trained. Denied that Mr. Nee was placed on the spare Night/Weekend list.

(25) Admitted that Mr. Nee never applied for the spare Night/Weekend list and admitted that Mr. Nee never was placed on the spare Night/Weekend list.

(26) Denied.

(27) Denied.

(28) Denied.

(29) Denied.

(30) Denied.

(31) Denied.

(32) The defendants are without knowledge or information sufficient to form a belief as what Ms. Flynn "learned." Answering further, the defendants deny that an MBTA instructor named Diane Kenick made the statement attributed to her.

(33) Denied.

(34) The defendants are without knowledge or information sufficient to form a belief as when Ms. Flynn filed an MCAD complaint. Answering further, the defendants state that Ms. Flynn's MCAD complaint speaks for itself and constitutes the best evidence of its terms.

(35) Ms. Flynn's MCAD complaint speaks for itself and constitutes the best evidence of its terms.

(36) Ms. Flynn's MCAD complaint speaks for itself and constitutes the best evidence of its terms.

(37) Denied.

(38) Denied.

(39) Denied.

(40) Denied.

(41) Denied.

(42) Admitted.

(43) Denied.

(44) Denied.

(45) Admitted.

(46) Admitted that the MBTA's Office of Diversity and Civil Rights obtained witness statements. Answering further, the MBTA's Office of Diversity and Civil Rights found no cause to conclude that any remarks were offensive, and instead concluded that the remarks at issue were misunderstood. Admitted that the Office of Diversity and Civil Rights did ask that the supervisor remind certain employees of the MBTA's civility standard.

(47) Denied.

(48) Denied that Ms. Flynn requested such statements. Admitted that the MBTA did not provide Ms. Flynn was such

5

statements. Denied that the MBTA's failure to provide such statements was inconsistent with past MBTA practice.

(49) Admitted that the MBTA permanently demoted Ms. Flynn. Denied that Ms. Flynn was permanently demoted on November 18, 2003.

(50) Admitted that Ms. Flynn made a serious error of judgment by failing to immediately report to MBTA Police or her supervisors that a former MBTA employee had told Ms. Flynn he intended to inflict seriously bodily injury to his ex-girlfriend, who is an MBTA employee.

(51) Denied.

(52) Defendants are without knowledge or information sufficient to form a belief as to Ms. Flynn's state of mind.

(53) Defendants are without knowledge or information sufficient to form a belief as to Ms. Flynn's state of mind. Admitted that Mr. Rossi knew that a restraining order barred the former employee from the Red Line.

(54) Mr. Rossi communicated with the MBTA Police Department regarding the former employee. The MBTA Police Department instructed Mr. Rossi to take no action regarding the former employee, and instead informed Mr. Rossi that it would handle the matter. In accordance with the MBTA Police Department's instructions, Mr. Rossi did not personally make any announcement to Red Line employees.

(55) Admitted that Ms. Flynn was interviewed concerning her conduct after the incident, and that Mr. Rossi was present. Denied that Ms. Flynn was interviewed "extensively."

(56) Admitted that Mr. Rossi recused himself from conducting the interview because Mr. Rossi appropriately sought to avoid even the appearance of impropriety given that Ms. Flynn had brought an MCAD claim against the MBTA.

(57) Admitted.

(58) The arbitrator's decision speaks for itself and constitutes the best evidence of its terms.

(59) The arbitrator's decision speaks for itself and constitutes the best evidence of its terms.

(60) The arbitrator's decision speaks for itself and constitutes the best evidence of its terms.

(61) Denied.

(62) Denied.

(63) Denied.

(64) Denied.

(65) This averment constitutes a legal conclusion to which no response is required.

(66) Denied.

(67) Denied.

(68) Denied.

(69) Denied.

(70) Denied.

(71) Denied.

(72) Denied.

(73) Denied.

(74) Denied.

(75) Because it lacks any time reference whatsoever, this averment is insufficiently precise to permit a specific response. Answering further, the MBTA states that it routinely employs more than 15 persons.

(76) This averment constitutes a legal conclusion to which no response is required.

(77) The defendants are without knowledge or information sufficient to form a belief as to this averment.

### Count I

(78) The defendants incorporate by reference all of their preceding and subsequent responses.

(79) Denied.

### Count II

(80) The defendants incorporate by reference all of their preceding and subsequent responses.

(81) Denied.

### Count III

(82) The defendants incorporate by reference all of their preceding and subsequent responses.

(83) Denied.

### Count IV

(84) The defendants incorporate by reference all of their preceding and subsequent responses.

(85) Denied.

### Count V

(86) The defendants incorporate by reference all of their preceding and subsequent responses.

(87) Denied.

### Count VI

(88) The defendants incorporate by reference all of their preceding and subsequent responses.

(89) Denied.

(90) Denied.

### Count VII

(91) The defendants incorporate by reference all of their preceding and subsequent responses.

(92) Denied.

### Count VIII

(93) The defendants incorporate by reference all of their preceding and subsequent responses.

(94) Denied.

(95) Denied.

### Count IX

(96) The defendants incorporate by reference all of their preceding and subsequent responses.

(97) This averment constitutes a legal conclusion to which no response is required.

(98) Denied.

(99) Denied.

(100)    Denied.

### Count X

(101)    The defendants incorporate by reference all of their preceding and subsequent responses.

(102)    Denied.

(103)    Denied.

(104)    Denied.

(105)    Denied.

### Count XI

(106)    The defendants incorporate by reference all of their preceding and subsequent responses.

(107)    Denied.

(108)    Denied.

(109)    Denied.

### Second Defense - Motion to Dismiss

The Complaint fails to state claims upon which relief can be granted, fails to allege necessary legal elements to her claims, and, therefore, her claims should be dismissed.

### Third Defense

The plaintiff has failed to exhaust her administrative remedies.

### Fourth Defense

The Complaint exceeds the scope of the administrative proceedings and this Court therefore lacks jurisdiction to hear them.

### Fifth Defense

This action is procedurally defective.

### Sixth Defense

The plaintiff failed to bring her claims within the relevant statutes of limitations.

### Seventh Defense

The plaintiff has unclean hands.

### Eighth Defense

The plaintiff is not entitled to the relief she seeks.

### Ninth Defense

The plaintiff is estopped from bringing her claims and/or obtaining the relief she seeks.

### Tenth Defense

Flynn was not damaged by any act or omission of Defendants, but if Flynn has sustained any damage, she has improperly failed to mitigate her damages.

### Eleventh Defense

Flynn's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### Twelfth Defense

Flynn's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

### Thirteenth Defense

Any injuries sustained by Flynn were not caused by the negligence, carelessness, or acts of Defendants, but were caused by the negligence, carelessness, or acts of Flynn.

### Fourteenth Defense

Flynn's claims are barred because Defendants' actions were privileged and taken within the scope of their duties and in good faith and they were not malicious.

### Fifteenth Defense

Flynn's claims are barred by the statute of frauds.

### Sixteenth Defense

Flynn's claims are barred or limited by the doctrine of preemption.

### Seventeenth Defense

Defendants reserve the right to amend their Answer to Flynn's Complaint to assert such affirmative defenses and claims as may become known or relevant prior to or during trial in this case.

### Relief requested

The defendants request this Court to dismiss the plaintiff's Complaint with prejudice and award the defendants all the relief to which they are entitled for defending against this Complaint.

### Jury Demand

The defendants demand a jury trial on claims and issues so triable.

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY, JOHN ROSSI, and
WILLIAM DEVLIN

By their attorneys,

_____
Herbert L. Holtz BBO #554343
James A. Schuh BBO #556857
Holtz & Reed LLP
25 New Chardon Street
Boston, MA 02114
617-720-0501

Date:   March 1, 2005

**CERTIFICATE OF SERVICE**

I, Herbert L. Holtz, certify that on March 1, 2005, I caused this document to be served by first-class U.S. Mail on Richard A. Mulhearn, Esq., counsel to plaintiff Kathleen A. Flynn.

_____
Herbert L. Holtz