UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATHLEEN A. FLYNN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 04-12349-RCL |
| | ) | |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| JOHN ROSSI and WILLIAM DEVLIN, | ) | |
| Defendants. | ) | |

## JOINT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, the parties have conferred and submit the following Joint Statement in connection with the Scheduling Conference scheduled for April 28, 2005.

## I.    Summary of Positions of the Parties with Respect to Liability and Relief Sought

### A.    Plaintiff's Position

Plaintiff has been employed by the MBTA since August 1988.  Her current position is Inspector.  Plaintiff charges the MBTA and two individually named supervisors with gender discrimination, sexual harassment, sexual orientation discrimination and retaliation under the federal and state discrimination statutes.  Plaintiff also asserts several tort claims against the individual Defendants and a state statutory claim of invasion of privacy.

Plaintiff's gender discrimination claim primarily relates to the Defendants' failure and refusal to train her for the Spare Night/Weekend Supervisor position.  This failure and refusal to train Plaintiff lasted more than six years, despite promises to do so.  In the meantime, male employees have been so trained and have apparently established greater seniority than Plaintiff for that assignment.  Defendants finally trained Plaintiff for that position in September 2004.

Still Plaintiff was not assigned as Spare Night/Weekend Supervisor for several months.  To date, Plaintiff has received that assignment approximately 4 times, despite many other opportunities where she was passed over.  More recently, Plaintiff has been informed that there is now a rating list for that assignment and she rates second from the bottom on a list of approximately fifteen persons.  Plaintiff also claims that Defendants' actions following the filing of her initial discrimination claim in refusal to train her and refusal to assign her to that position represents retaliation.

The bases for Plaintiff's sexual harassment and sexual orientation discrimination are sexual remarks made by Defendant Devlin and another supervisor regarding Plaintiff's sexual orientation.

Plaintiff's retaliation claim includes the above conduct regarding the Spare Night/Weekend Supervisor position.  Plaintiff also alleges that Defendants have retaliated against because of her protected activity through, among other things, threats of firing and retribution, unfavorable work assignments, increased scrutiny of her work performance, and disparate treatment with regard to discipline.

With regard to damages, Plaintiff has been deprived of increased pay since 1998 based on Defendants' refusal to train or assign her to the Spare Night/Weekend Supervisor position.  In addition, her career advancement has been negatively impacted due to her lack of supervisory experience.  She seeks that as damages in a currently undetermined amount.  Plaintiff also claims damages for emotional distress, punitive damages, attorney's fees and costs.

Plaintiff also seeks affirmative relief against the MBTA by ordering it to rate her as Spare Night/Weekend Supervisor position as of 1998.   Plaintiff also seeks injunctive relief against the Defendants ordering them to cease and desist from further retaliatory conduct.

### B.    Defendants' Position

The truth is that the plaintiff has advanced gradually through the MBTA hierarchy.  She began as a motorman, and was eventually promoted to inspector. Last year, she was trained as a spare Night/Weekend Supervisor and has worked in that position when the MBTA has needed her services.  Thus, she has attained the very position she contends she could not achieve because of her gender and sexual orientation.

In her pursuit of this litigation, the truth suffers.  The plaintiff claims she was the only woman on the 2001 list of potential spare Night/Weekend Supervisors.  This is false.  An African-American woman named Angela Service was also on the list.

Indeed, the Complaint itself provides ample evidence that the plaintiff's failure to advance quickly through the MBTA's management ranks is due solely to her own personal failings:

- The plaintiff was demoted for botching a potentially life-threatening incident.  A deranged man told the plaintiff that he intended to attack a female MBTA motorman, and carve the words "Red Line Whore" on her chest.  What did the plaintiff do?  She went to the bathroom, and then left a telephone message for the potential victim that the deranged man had threatened her.  Incomprehensibly, the plaintiff elected not to notify the MBTA police of the deranged man's threat to stab a female MBTA motorman.

- The plaintiff was suspended without pay for failing to report for work or even to telephone her superiors that she would not be coming in to work.

- The plaintiff fails to note that employee discipline, such as that described above, renders employees ineligible for promotions for extended periods.

- The plaintiff claims she has been injured ten (10) times at the MBTA, filing worker's compensation claims for each.  For six of those alleged injuries, the plaintiff reports that there were no witnesses.

- On May 12, 1998, the plaintiff claims she was struck by a Red Line train at Alewife Station – in an alleged incident bereft of witnesses.  The plaintiff was out of work for more than two years recovering from her alleged injuries.  This extended absence did not enhance her chances for promotion.

3

■    On January 6, 2002, the plaintiff claims a passenger fell on her, causing alleged injuries that kept her out of work for nearly two months.  Again, the plaintiff claims there were no witnesses to the injury.  It was during this absence that MBTA officials needed to find an MBTA employee to fill in as a Spare Night/Weekend Supervisor.  The plaintiff was not selected because she was out of work, recovering from her alleged injuries.

■    The plaintiff's work performance continues to be checkered.  Recently, she locked several MBTA passengers in a Red Line Station she was closing for the night.

The plaintiff's contention that the defendants have retaliated against the plaintiff is simply not true.  The plaintiff has no evidence whatsoever of any such retaliation.

While there is considerable evidence that the plaintiff has emotional problems, those significantly predate her complaints regarding her failure to receive the promotion she sought as quickly as she might have liked.

The plaintiff is entitled to no damages and no relief.

## II.    Proposed Joint Discovery Plan

1.    **Initial Disclosures.**  Initial disclosures to be served by May 31, 2005.

2.    **Amendment to Pleadings**.  Motions to amend the pleadings to be made by June 30, 2005.

3.    **Written Discovery Requests**.  Written discovery requests shall be served by August 10, 2005 and responded to within the time limit set forth in the Federal Rules of Civil Procedure or as extended by agreement of the parties or order of the Court.

4.    **Depositions of Fact Witnesses**.  Depositions of fact witnesses will be completed by December 31, 2005.

5.    **Requests for Admissions**.  Requests for Admissions, if any, shall be propounded by December 31, 2005 and responded to within the time limit set forth in the Federal Rules of Civil Procedure or as extended by agreement of the parties or order of the Court.

6.    **Status Conference**.  A Status Conference, if approved by the Court, shall occur in January 2006.

7.    **Expert Discovery**.    The parties shall designate trial experts and disclose information required by FRCP, Rule 26(a)(2) by February 28, 2006.  Expert depositions shall be completed by April 30, 2006.

### III.    Proposed Motion Schedule

Rule 12 Motions to Dismiss and/or Rule 56 Motions for Summary Judgment shall be filed by May 31, 2006.   Responses to such dispositive motions shall be served within 30 days of service.

### IV.    Settlement and/or Case Management Conferences

A Settlement Conference and/or Case Management Conference shall take place at the discretion of the Court.  The parties recommend that the Court hold a final pre-trial conference at a time convenient for the Court and set a firm trial date.

### V.    Rule 16.1 Certification

The parties' Certifications pursuant to L.R. 16.1 are being filed separately.

### VI.    Trial by Magistrate

At this time, the parties do not agree to trial by magistrate.

PLAINTIFF,                                      DEFENDANTS,

By her attorney,                                By their attorneys,


 /s/ Richard A. Mulhearn_____            /s/ James A. Schuh_____
Richard A. Mulhearn, BBO #359680                Herbert L. Holtz, BBO #554843
Law Office of Richard A. Mulhearn, P.C.         James A. Schuh, BBO #556857
41 Elm Street                                   Holtz & Reed, LLP
Worcester, MA 01609                             25 New Chardon Street
(508) 753-9999                                  Boston, MA 02114
                                                (617) 720-0501


April 21, 2005